# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR408 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH R. HURLEY, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (Doc. 16) of Defendant Joseph R. Hurley to Suppress, requesting the Court suppress evidence obtained from a search of his hard drives, computers and cell phone. Defendant claims that the Affidavit for a search warrant submitted to the Municipal Court Judge contained false and misleading information and violated Defendant's Fourth Amendment rights. In addition, Defendant requested an evidentiary hearing. For the following reasons, the Court **DENIES** Defendant's Motion in its entirety.

## I. BACKGROUND FACTS

On March 9, 2018, Richland County Children Services contacted Richland County Sheriff's Office regarding Defendant's possible sexual abuse of his eleven year-old step-daughter A.H. (Doc. 16-1, PageID: 55).

At some point in time, A.H.'s mother became suspicious of Defendant and placed a video camera in A.H.'s bedroom. *Id.* The video camera captured Defendant in A.H.'s bedroom late at night, while A.H. and her friend were sleeping. *Id.* While in the bedroom, the video shows Defendant touching A.H. *Id.* At one point in time, Defendant used a cell phone near A.H.'s torso. *Id.*

The mother also performed an internet search of Defendant's browser history. *Id.* She discovered Defendant searched for the drug Rohypnol.[1] *Id.* She then brought the video and her findings from the internet history to the Sheriff's Office. *Id.* She also turned over two computers, four hard drives and a cell phone. *Id.* Investigators additionally seized Defendant's cell phone after an interview at the Sheriff's Office. *Id.*

Before performing an analysis of the electronic equipment, investigators applied for a search warrant. Detective Eichinger submitted an Affidavit based on the above facts. On March 27, 2018, a Mansfield Municipal Court Judge granted the Search Warrant.

Defendant now seeks to suppress evidence found as a result of the search of his electronic devices. He claims the Affidavit contained false and misleading information. Upon removing the false information, Defendant argues the Affidavit does not advance probable cause to search his electronic devices.

## II. LAW AND ANALYSIS

**A.**     **Standard of Review**

---

[1] "Rohypnol" is a depressant and benzodiazepine with the generic name Flunitrazepam. U.S. DEP'T OF JUSTICE, DRUGS OF ABUSE: A DEA RESOURCE GUIDE (2017), 62; also available at https://www.dea.gov/factsheets/rohypnol (last viewed Mar. 19, 2019). It is not approved for medical use in the United States. *Id.* Rohypnol is also referred to as a "date rape" drug. *Id.*

The Fourth Amendment to the United States Constitution states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof, but more than mere suspicion" and exists "when there is a 'fair probability' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004), *cert. denied*, 543 U.S. 1095 (2005) (citing *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)).

In *Illinois v. Gates*, the Supreme Court announced the basic standard for determining whether an affidavit establishes probable cause to issue a search warrant:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, ***given all the circumstances set forth in the affidavit*** before him [or her], ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

426 U.S. 213, 238-39 (1983) (emphasis added); *see also United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003); *Davidson*, 936 F.2d at 859.

A finding of probable cause "should be paid great deference by reviewing courts." *Gates*, 462 U.S. at 236. However, reviewing courts must ensure that the issuing magistrate or judicial officer did "not serve merely as a rubber stamp for the police." *United States v. Leon*, 468 U.S. 897, 914 (1984) (quoting *Aguilar v. Texas*, 378 U.S. 108, 111 (1964)). Further, reviewing courts "will not defer to a warrant based on an affidavit that does not 'provide the

magistrate with a substantial basis for determining the existence of probable cause.'" *Id.* at 915, (quoting *Gates,* 462 U.S. at 239)).

A reviewing court concerns itself with only those facts which appear within the four corners of the affidavit. *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1998) (citing *Whitley v. Warden*, 401 U.S. 560, 564-65 (1971)); *United States v. Hatcher*, 473 F.2d 321, 324 (6th Cir. 1973). There is a presumption of validity with respect to affidavits supporting search warrants. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). However, if the affidavit contains false statements that are shown to have been made knowingly and intentionally, or with reckless disregard for the truth, and if those false statements were necessary to the finding of probable cause, the evidence seized pursuant to the warrant will be suppressed. *Id.* at 155-56. Inaccurate statements that are the result of mere negligence or mistake do not fall within the framework of *Franks*. *Id.* at 171. A *Franks* claim entails a two-part analysis: (1) whether the defendant has shown by a preponderance of the evidence that the false statements were deliberately or recklessly made; and (2) "whether the affidavit, without the false statements, provides the requisite probable cause to sustain the warrant." *United States v. Charles*, 138 F.3d 257, 263 (6th Cir. 1998).

Defendant argues he is entitled to a *Franks* hearing because the Affidavit contained false and misleading information. To be entitled to a hearing, Defendant has a heavy burden. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Defendant's "allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth." *Id.* (citing *Franks*, 438 U.S. at 171). Moreover, Defendant must accompany his allegations with an offer of proof, such as affidavits

or sworn or otherwise reliable statements of witnesses. *Franks*, 438 U.S. at 171.

B.      **False Statements Made Deliberately or Recklessly**

Defendant claims the following sentence in the Affidavit is false and misleading: "[The video] also shows what appears to be [Defendant] taking ***his*** cell phone and ***taking photos down [A.H.'s] shirt***."  (Emphasis added).  According to Defendant, the video does not show this.  Rather, the video shows Defendant using ***A.H.'s cell phone*** to illuminate the room with its ambient light.  Therefore it is illogical, according to Defendant, to use someone else's cell phone to secretively take pictures of the owner while the owner is sleeping.

Defendant's argument lacks merit.  After viewing the video in whole, the Court finds the Detective's statement is a reasonable interpretation.  The video shows Defendant in the room of two sleeping minors for roughly fourteen minutes.  While in the room, Defendant utilizes a pen-light to illuminate the sleeping minors.  The video also clearly shows Defendant using a cell phone.  With the cell phone in one hand, the viewer observes Defendant manipulate A.H.'s blankets or shirt with his other hand.  At the same time, the cell phone is inches away from a sleeping A.H.'s torso.

In light of the above, the Detective's determination that Defendant appeared to uses his cell phone to take pictures down A.H.'s shirt was reasonable.  At the outset, the Detective initially notes what Defendant's actions "appear to be."  This qualification alerts the issuing magistrate of a subjective interpretation.  Defendant does not dispute that he used a cell phone.  While it is true that Defendant appears to obtain the cell phone from night stand, he does not replace it after its use.  Rather, after using the cell phone, Defendant places it near his side, perhaps in his pocket.  It is not entirely clear.  Thus, the determination that the cell phone

appears to belong to Defendant was reasonable.

Further, the determination that Defendant appears to take pictures with the cell phone is also reasonable. Defendant clearly utilized a pen-light to illuminate the bedroom. Why he would require additional light from a cell phone is at odds with Defendant's argument. Furthermore, Defendant does not appear to place a call or send a text message either. Accordingly, it is a reasonable interpretation from these facts to conclude that Defendant utilized the cell phone to provide another function – the cell phone's camera feature.

Simply put, Defendant has not satisfied his "heavy burden" in demonstrating that the Detective's statement was deliberately false or recklessly made. Defendant's only offer of proof is a sixteen minute video. He does not offer an affidavit from another witness, nor his own supporting affidavit. The Court agrees with the Government that only Defendant knows what he was doing in the bedroom of sleeping minors for fourteen minutes. However, he does not provide his own sworn statement to clarify his actions. Accordingly, Defendant has not demonstrated by a preponderance of the evidence that the Detective's statement was deliberately false or recklessly made.

When viewed in the totality of the circumstances, the Detective's interpretation of the video was a reasonable understanding of what he believed the facts to be. This reasonable understanding eliminates the possibility of a reckless falsehood. *See United States v. Elkins*, 300 F.3d 638, 650-51 (6th Cir. 2002) (so long as an affidavit reflects the facts as the officers understood them to be, it cannot be a reckless falsehood). Accordingly, based solely on the video, the Court does not find the Detective's statement deliberately false or recklessly made. Therefore, there is no need to remove the statement from the Affidavit and perform an analysis

under prong two of *Franks*.

When viewed in whole, the Affidavit before the Municipal Judge provided a fair probability that evidence of child pornography would be located on Defendant's hard drives, computers and cell phone. The Municipal Judge thus had a substantial basis for concluding that probable cause existed before issuing the Search Warrant.

## III. CONCLUSION

The Court holds that the Municipal Judge had a substantial basis for concluding that probable cause existed. After viewing the video in full, the Court does not find the Detective made false statements either deliberately or recklessly when the Detective determined that it appeared Defendant used his cell phone to take pictures down A.H.'s shirt. Therefore, the Court denies Defendant's Motion to Suppress (Doc. 16) in its entirely, without a hearing.

**IT IS SO ORDERED.**

                            **s/ Christopher A. Boyko**
                            **CHRISTOPHER A. BOYKO**
                            **United States District Judge**

**Dated: March 19, 2019**