**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:18CR408** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOSEPH R. HURLEY,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (Doc. 15) of Defendant Joseph R. Hurley to Dismiss the Indictment, requesting the Court dismiss the Indictment because 18 U.S.C. § 2251(a) is unconstitutional as applied to Defendant. The Court disagrees and **DENIES** the Motion.

## I. BACKGROUND FACTS

On July 24, 2018, a Federal Grand Jury indicted Defendant with one count of Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a). (Doc. 7). The charge stems from the sexually explicit photographs of a sixteen year-old female (the "Minor") found on Defendant's electronic devices.

The parties do not contest Minor's age at the time of the photographs. Further, the

parties do not contest that Defendant and Minor were in a relationship around the time the photographs were produced. And while there is a conflict as to whether the photographs were voluntarily taken, that issue is irrelevant for this Order.

Defendant asks the Court to dismiss the Indictment because it is unconstitutional as applied to him. He alleges that Congress cannot, under the Commerce Clause, regulate photos taken within the intimate relationship of consenting adults that are kept only for personal use. The Government opposes and argues Congress may regulate Defendant's conduct.

## II. LAW AND ANALYSIS

### A. Standard of Review

Courts in the Sixth Circuit analyze as-applied constitutional challenges of child-pornography laws under the Supreme Court's analysis set forth in *Gonzales v. Raich*, 545 U.S. 1 (2005). *United States v. Bowers*, 594 F.3d 522, 527 (6th Cir. 2010). The *Raich* Court held that Congress has the "power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on intrastate commerce." *Raich*, 545 U.S. at 17 (citations omitted); *Bowers*, 594 F.3d at 527-28. When it comes to purely intrastate activity – those activities that are not themselves 'commercial' – Congress may regulate the conduct "if it concludes that failure to regulate that class of activity would undercut the regulation of the interstate market in that commodity." *Raich*, 545 U.S. at 18; *see also Wickard v. Filburn*, 317 U.S. 111 (1942). Finally, "[w]hen the larger 'general regulatory statute bears a substantial relation to commerce, the *de minimis* character of individual instances arising under that statute is of no consequence.'" *Bowers*, 594 F.3d at 528 (quoting *Raich*, 545 U.S. at 17) (internal quotation marks omitted)).

### B. Constitutional Right to Produce Sexually Explicit Images of Minors

Despite his arguments to the contrary, Defendant does not have a constitutional right to produce sexually explicit images of Minor in the context of their consensual relationship. Defendant is correct that a consensual sexual relationship between consenting adults is constitutionally protected. *Lawrence v. Texas*, 539 U.S. 558, 578 (2003). Defendant is also correct when he asserts that the age of consent in Ohio is sixteen. OHIO REV. CODE ANN. § 2907.04 (West 2019). However, Defendant has no constitutional right to engage in the conduct the Government seeks to deter in this matter.

Defendant is charged with using a sixteen year-old to produce sexually explicit material. The Government is not prosecuting Defendant's sexual relationship with Minor. While *Lawrence* protects the sexual relationship between consenting adults, it does not extend to sexual relationships with minors. *See Lawrence*, 539 U.S. at 578 ("The present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused"). Nor does it extend to the production of sexually explicit materials involving minors. Rather, courts have been clear that child pornography has very limited constitutional protections. *United States v. Larsen*, 847 F.3d 1026, 1034 (9th Cir. 2017) (citing *New York v. Ferber*, 458 U.S. 747, 763 (1982)); *see also United States v. Williams*, 553 U.S. 285, 288 (2008) ("the government may criminalize the possession of child pornography").

The fact that Minor was of consenting age in Ohio is inconsequential. The statute defines a "minor" as "any person under the age of eighteen years." 18 U.S.C. § 2256(1). Congress has a rational basis of defining minors as persons under the age of eighteen. *United States v. Bach*,

400 F.3d 622, 629 (8th Cir. 2005) ("[C]ongressional choice to regulate child pornography by defining minor as an individual under eighteen is rationally related to the government's legitimate interest in enforcing child pornography laws"). And despite its rules on age of consent, Ohio agrees and makes it a crime to produce sexually explicit or nude images of persons under the age of eighteen. *See e.g.*, OHIO REV. CODE ANN. § 2907.323 (West 2019); OHIO REV. CODE ANN. § 2907.01(M) (West 2019) (defining "minor" as a person under the age of eighteen). Even in Ohio then, while Defendant could engage in a sexual relationship with Minor, he cannot produce sexually explicit photographs of her.

Accordingly, Defendant does not have a constitutionally protected right to produce sexual explicit images of a sixteen year-old within the confines of their consensual sexual relationship.

### C. 18 U.S.C. § 2251(a)

Consequently, Congress can regulate Defendant's photography, even if he intended to keep the sexually explicit images to himself. The Sixth Circuit has consistently determined that Congress has the authority to regulate wholly intrastate production of child pornography under 18 U.S.C. § 2251(a). *See Bowers*, 594 U.S. at 528; *United States v. Rose*, 714 F.3d 362, 371 (6th Cir. 2013); *United States v. Chambers*, 441 F.3d 438, 454 (6th Cir. 2006).

The Ninth Circuit's decision in *Laursen* is instructive. The defendant in *Laursen* was found guilty of using a sixteen year-old to produce sexually explicit material. 847 F.3d at 1031. Laursen appealed, arguing 1) the sixteen year-old subject was of consenting age under state law; and 2) the pictures were solely for personal use and thus outside the purview of the Commerce Clause. *Id.* at 1034. The Ninth Circuit rejected these arguments, holding that Congress can

regulate the intrastate production of child pornography regardless if the subject of the pornography is of consenting age. *Id.* at 1035.

Like the defendant in *Laursen*, Defendant's as-applied constitutional challenge to the Commerce Clause is similarly ineffective. Congress can regulate the intrastate production and retention of pornography involving persons under the age of eighteen. It is beyond dispute that Defendant's conduct involved the use of a sixteen year-old minor. And as stated above, the fact that Defendant's relationship with the sixteen year-old may have been consensual does not affect the analysis. Finally, Defendant's effort to distinguish *Laursen* is without merit.

Similarly, Defendant's argument regarding the jurisdictional basis for § 2251(a) fails. Defendant argues that Congress cannot regulate the child pornography industry by linking its production to other goods used in interstate commerce. Section 2251(a) makes it a crime to use a minor to produce "any visual depiction of" sexually explicit conduct "if that visual depiction was produced...using materials that have been mailed, shipped, or transported in...interstate or foreign commerce." 18 U.S.C. § 2251(a). Courts have held that items such as iPhones and memory cards satisfy this jurisdictional element. *United States v. Gardner*, 887 F.3d 780, 785 (6th Cir. 2018) (iPhone manufactured in China); *United States v. Lively*, 852 F.3d 549, 564 (6th Cir. 2017) (memory card "Made in China"). Here, the Complaint alleges Defendant used his iPhone 5 that had been manufactured in Taiwan. (Doc. 1-1, ¶ 13). Defendant's argument that the link of his iPhone is not enough to establish jurisdiction is contrary to Sixth Circuit precedent.

Accordingly, Congress can regulate Defendant's behavior in this instance. The unique characteristics of Defendant's situation here – personal, sexually-explicit photographs of a minor

who is able to consent under state law – is of no consequence to Congressional authority under the Commerce Clause.  Since § 2251(a) bears a substantial relationship to commerce, Defendant's as-applied challenge fails.

### III. CONCLUSION

The Court holds Defendant's as-applied constitutional challenge fails.  Defendant does not have a constitutionally protected right to produce sexually explicit images of sixteen year-olds, even if Defendant and the sixteen year-old are in a consensual relationship under Ohio law.  Furthermore, Congress may regulate the purely intrastate production of pornography involving minors regardless if the minor is able to consent under Ohio law.  Therefore, the Court **DENIES** Defendant's Motion to Dismiss the Indictment (Doc. 15).

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: March 27, 2019**