UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR408 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| JOSEPH R. HURLEY, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Defendant Joseph Hurley asks the Court to sever Counts 1 and 3 from Count 2 to avoid unfair prejudice. (Doc. 34). Because the Counts are of similar character and the evidence is admissible for both Counts, the Court declines to sever and **DISMISSES** Defendant's Motion.

The Court does agree with Defendant however, on whether the Government may introduce certain past acts of Defendant under Rule 414. Accordingly, the Court holds that the Government may not introduce the requested evidence under Rule 414. (Doc. 43).

### I. BACKGROUND FACTS

This matter began after a hidden video-camera captured Defendant in his stepdaughter's bedroom late at night, manipulating the blankets and touching the sleeping child. This prompted Defendant's wife (and the child's mother) to perform a search of Defendant's browser history. The search of Defendant's internet history yielded searches for the drug Rohypnol[1] and other

---

[1] Rohypnol is a depressant and benzodiazepine with the generic name Flunitrazepam. U.S. DEP'T OF JUSTICE, DRUGS OF ABUSE: A DEA RESOURCE GUIDE (2017), 62; also available https://www.dea.gov/factsheets/rohypnol

similar substances. With the search history and video footage in hand, the child's mother proceeded to the Sheriff's Office, ultimately turning over two computers, four hard drives and a cellphone belonging to Defendant.

After receiving permission to search Defendant's devices, investigators uncovered images and videos of child pornography. This prompted the Grand Jury to issue a Superseding Indictment against Defendant, charging him with one count of Sexual Exploitation of a Child, a violation of 18 U.S.C. § 2251(a) ("Count 1"); one count of Receipt of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct, a violation of 18 U.S.C. § 2252(a)(2) ("Count 2"); and one count of Possession of Visual Depictions of Real Minor Engaged in Sexually Explicit Conduct, a violation of 18 U.S.C. § 2252(a)(4)(B) ("Count 3").

Count 2 alleges that from December of 2005 to August of 2013, Defendant received pornographic images of children. Count 1 alleges that in March of 2013, Defendant exploited a sixteen-year-old to produce sexually explicit images. Count 3 alleges that Defendant unlawfully retained the images of the sixteen-year-old minor in Count 1.

Defendant believes he cannot receive a fair trial if all three Counts are tried together. (Doc. 34). The Government disagrees, arguing that the evidence is relevant for all counts and that the counts should be tried together. (Doc. 42).

Moreover, the Government wants to introduce as evidence at Trial the video footage of Defendant in his stepdaughter's bedroom, as well as Defendant's internet search history. (Doc. 43). Defendant opposes the introduction of both pieces of evidence. (Doc. 44).

---

(last viewed June 8, 2021). It is not approved for medical use in the United States. *Id.* Rohypnol is also referred to as a "date rape" drug. *Id.*

## II. LAW & ANALYSIS

**A.     Standard of Review – Motion to Sever**

Generally, offenses that "are the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan" may be joined. FED. R. CRIM. P. 8(a). Where evidence is intertwined, joinder is proper. *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006).

However, if joinder prejudices a defendant, the Court may order separate trials of the counts. FED. R. CRIM. P. 14(a). Granting relief from joinder is thus discretionary with the district court. *Hang Le-Thy Tran*, 433 F.3d at 478. To prevail on his request, a defendant must show compelling, specific and actual prejudice. *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). If evidence is admissible in both trials, there is no basis to sever the counts. *United States v. Nolan*, 162 Fed. App'x 575, 578 (6th Cir. Jan. 18, 2006). Rather, any 'spillover evidence' must substantially prejudice the defendant. *Hang Le-Thy Tran*, 433 F.3d at 478. As an example, substantial prejudice may be shown when there is a substantial risk that the jury could not properly consider the evidence. *Id.* But if a jury can properly compartmentalize the evidence, the risk of prejudice is low. *Thomas v. United States*, 849 F.3d 669, 676 (6th Cir. 2017).

A court must weigh these considerations, as well as underlying policy of trial convenience and judicial efficiency. *Id.*

**B.     Applicable Rules of Evidence**

Generally, "evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1). However, such "evidence may be admissible for

another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2).

Moreover, Rule 414 creates "an exception to the general ban on propensity evidence" described above. *See United States v. Seymour*, 468 F.3d 378, 384-85 (6th Cir. 2006). Thus, "in a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414(a).

Both Rules 404(b) and 414(a) are subject to the limitation on relevant evidence as discussed in Rule 403. *See United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2008) (admission of evidence under Rule 404(b) is also subject to the requirements of Rule 403); *United States v. Libby-Tipton*, 948 F.3d 694, 701 (6th Cir. 2020) ("Rule 414 must be read in conjunction with Rule 403"). Under Rule 403, a district court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

With the general evidentiary rules in mind, the Court addresses the disputes at hand.

**C.     Defendant's Motion to Sever**

Defendant does not claim that the counts are impermissibly joined under Rule 8. And this is rightfully so, as "child molestation and child pornography…plainly represent acts of 'similar character' involving the extraordinary mistreatment of children." *United States v. Rivera*, 546 F.3d 245, 254 (2d Cir. 2008) (agreeing with *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002)).

Defendant does however, argued that joinder here is prejudicial. According to Defendant, the evidence relating to Count 2 (receiving child pornography) is inadmissible for

- 4 -

Counts 1 and 3 under evidentiary Rules 404(b) and 403.  As such, a jury may conclude that Defendant is guilty of Counts 1 and 3 based on the evidence relating to Count 2.  The Government disagrees and argues that the evidence is admissible under evidentiary Rules 404(b), 403 and 414.

The Court agrees with the Government.  The evidence of Count 2 is relevant and admissible in prosecuting Counts 1 and 3.  Defendant briefly discusses Rule 404(b), alleging the evidence of Count 2 would be improper propensity and bad conduct evidence.  Beyond that general claim, Defendant does not conduct additional analysis.

But, as stated above, Rule 404(b) allows evidence if offered for a different purpose.  Fed. R. Evid. 404(b)(2).  In addressing admission under the rule, courts in the Sixth Circuit follow a three-step process:

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the 'other acts' took place.  The district court must then determine whether those 'other acts' are admissible for a proper purpose under Rule 404(b).  Finally, the district court must determine whether the 'other acts' evidence is more prejudicial than probative.

*Bell*, 516 F.3d at 440-41 (citations omitted).

At the first step, "the government is not required to demonstrate that the other acts occurred by a preponderance of the evidence." *Id.* at 441 (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)).  Rather, all that must be shown to the jury is evidence that would allow a jury to "reasonably conclude that the act occurred and that the defendant was the actor." *Id.*  Here, Defendant does not specifically address this prong.  But the Court finds sufficient evidence that the 'other acts' took place.  Indeed, a grand jury found probable cause to believe that Defendant possessed images and videos of child pornography in Count 2.  The findings of

the investigation also substantiate that the prior act occurred. Accordingly, the Court is satisfied that this 'other act' as alleged in Count 2 took place.

Next, the Court must determine whether "the other acts evidence is admissible for a legitimate purpose," that is, "whether the evidence is probative of a material issue other than character." *Bell*, 516 F.3d at 441. If "(1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered," the other acts evidence "is probative of a material issue other than character[.]" *Id.* at 441-42.

Again, Defendant does not address this prong. The Government claims the "evidence regarding Count 2 proves motive, intent and plan" (Doc. 42, PageID: 247), which are all proper purposes under Rule 404(b). Moreover, Defendant admits the issue in dispute under Count 1 is "whether [Defendant] engaged in a sexual relationship with his then-girlfriend 'for the purpose of producing a visual depiction of such conduct.'" (Doc. 34, PageID: 228). Thus, Defendant's motive, intent and plan are 'in issue.' The Court agrees with the Government that the evidence in Count 2 is relevant to proving the disputed issue. Finally, the evidence contained in Count 2 is probative to proving 'motive, intent and plan.' "In considering the probative value of evidence, courts may consider the closeness in time between the acts, the similarity between the act in question and the prior act, and the necessity of the evidence to the government's case, including whether there are less invasive means of obtaining the information." *Libbey-Tipton*, 948 F.3d at 701.

Here in Count 2, the Government alleges Defendant knowingly received visual depictions of real minors engaged in sexually explicit conduct from December 26, 2005 through August 20, 2013. In Count 1, the Government alleges Defendant exploited a minor to engage in sexually

explicit conduct for the purpose of producing a visual depiction on or about March 24, 2013. The two alleged acts then, occurred closely in time to one another, as the acts of Count 1 occurred during the same period Defendant allegedly received child pornography in Count 2. Moreover, the behavior is similar. All Counts involve the visual depictions of minors displaying sexually explicit conduct. The only difference is whether Defendant produced it himself or received it from a third-party. Defendant may have thought the depictions were similar too, as the Government alleges Defendant kept the evidence of all Counts within the same folder. Also relevant to this consideration is Rule 414, which allows for admission of propensity evidence in cases of child molestation, which the Government alleges in all Counts.[2] Finally, as discussed above, Defendant makes his intent an issue regarding Count 1. Therefore, the Court does find that the Government needs the evidence contained in Count 2 to prove Defendant's intent.

The above analysis is equally applicable to whether the 'other acts' evidence is more prejudicial than probative under Rule 403. Based on the above, the Court has found the evidence probative. And "evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403." *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996). In his Motion, Defendant claims the evidence of Count 2 would cause unfair prejudice, but he does not explain, "other than the stigma associated with" child pornography. *Libbey-Tipton*, 948 F.3d at 704. Finally, the Court and the parties can craft a jury instruction to "warn the jurors against using the evidence to draw the inferences expressly forbidden by Rule 404(b)." *Bell*, 516 F.3d at 441.

---

[2] Defendant does not address the applicability of Rule 414. It applies, but the Court engages in a Rule 404(b) analysis as there are many similarities between the two Rules, with the exception that propensity evidence under Rule 414 is more easily admissible when dealing with incidences of child molestation.

- 7 -

In sum then, Defendant has not shown compelling, specific and actual prejudice to justify severing Counts 1 and 3 from Count 2. Evidence is admissible in both trials and any spillover evidence does not 'substantially prejudice' defendant. Furthermore, the Court believes that a jury could properly compartmentalize the evidence, thereby reducing the risk of prejudice even more. Finally, as the Nation and this District recover from the COVID-19 pandemic, keeping the Counts joined serves an underlying policy of trial convenience and judicial efficiency considering the backlog of criminal cases.

**D.      Use of Video Recording**

In accordance with its obligations under Rule 414, the Government notified Defendant and this Court that it seeks to introduce the video evidence of Defendant in his stepdaughter's room. Defendant objects to use of this evidence during the Government's case-in-chief.

The video that the Government seeks to introduce is nearly seventeen minutes long. During the first two minutes, Defendant was in the room with two minor girls, presumably preparing for bed. Both girls were wearing pajamas. The video then briefly cut-out and resumed with Defendant in the bedroom. It was presumably the middle of the night, as the two girls appeared to be asleep. For roughly fourteen video-minutes, Defendant remained in the bedroom. He shuffled blankets and other objects on the bed and placed his hands on the bed, near (if not on) the sleeping bodies. Where exactly he placed his hands is difficult to tell. At various times, Defendant utilized a light to illuminate the bedroom, careful not to wake the children. The video is dark, grainy and cuts-in and -out, recording in brief intervals. If one thing is clear from the video, Defendant tried to view the children without waking them.

As discussed above, "in a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child

molestation." Fed. R. Evid. 414(a). The Rule then defines "child molestation," describing various iterations of similar conduct. *See id.* at 414(d)(2)(A)–(F). The evidence of 'other child molestation' "may be considered on any matter to which it is relevant." *Id.* at 414(a). The evidence however, remains subject to considerations under Rule 403. *Libby-Tipton*, 948 F.3d at 701 (6th Cir. 2020) ("Rule 414 must be read in conjunction with Rule 403").

An initial issue in this case is whether Defendant's conduct in the video constituted "child molestation" as defined by Rule 414. The Government argues Defendant's conduct was child molestation under four of the five scenarios. Defendant disagrees.

Rule 414 defines 'child molestation' as contact between a defendant and a child, and the genitals or anus of either individual. Fed. R. Evid. 414(d)(2)(C) & (D). Furthermore, attempts to engage in such behavior is also child molestation. *Id.* at 414(d)(2)(F). Since "Defendant touched the child while she slept" (Doc. 43, PageID: 258), the Government argues the video demonstrates child molestation. Defendant counters that this argument is "wrong as a matter of law" because the video "does not show contact with anyone's genitals or anus." (Doc. 44, PageID: 267). The Court agrees with Defendant. While it can be said Defendant touched the sleeping child, the video certainly does not reflect contact with anyone's genitals or anus. Therefore, the Government cannot rely on these definitions of child molestation in producing the evidence.

Nor can the Government rely on the "abusive sexual contact involving young children," a crime under Chapter 109A. Fed. R. Evid. 414(d)(2)(A). As Defendant highlights, 'sexual contact' is a defined term, prohibiting the touching of "the genitalia, anus, groin, breast, inner thigh or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). Again, the video does not show

'sexual contact' as defined by Chapter 109A. And the Government's case cite of *United States v. Moore*, 425 Fed. App'x 347 (5th Cir. May 13, 2011) does not support its position. While *Moore* allowed evidence of "over-the-clothes" touching of the buttocks, the evidence came in via testimony of the victim, who was subject to cross-examination. *Moore*, 425 Fed. App'x at 351-52. The victim in *Moore* then could testify exactly where the defendant touched her. *Id.* Here, the Government seeks to introduce evidence by video and not through cross-examination. The video "speaks for itself," and as discussed throughout this opinion, the video does not clearly demonstrate 'sexual contact' as defined under Chapter 109A.

Next, the Government argues that the video shows child molestation because Defendant committed a crime under Chapter 110, namely, using his stepdaughter to produce a sexually explicit image. (Doc. 43, PageID: 259). This argument likewise fails. While Defendant is seen in the video with a cellphone, it is unclear whether he used the item for additional light or to take a video or picture as the Government claims.[3] Moreover, the Government has not produced any image or video that Defendant allegedly took that night. Finally, even if Defendant "produced a visual depiction" of his stepdaughter, it requires a generous interpretation of the video to find that image to be "sexually explicit" as defined by Chapter 110. *See* 18 U.S.C. § 2256(2)(A) (defining 'sexually explicit conduct'). Accordingly, the Government's argument fails.

The most applicable argument advanced by the Government is that 'child molestation' can be a crime under state law involving similar acts discussed above. Fed. R. Evid. 414(d)(2). The Government highlights that Defendant has been charged in State court for his conduct in his stepdaughter's bedroom. (Doc. 43, PageID: 259). Defendant claims this fact does not alter the

---

[3] This is not inconsistent with the Court's prior Order on suppression. There, the Court held that the detective's interpretation of the video was not deliberately false or reckless and thus not subject to a *Franks v. Delaware*, 438 U.S. 154 (1978) challenge.

analysis because Ohio uses different definitions. (Doc. 44, PageID: 268). The Court need not split hairs here. What the Court will highlight is that the State charges remain pending against Defendant. As of this Opinion, Defendant has not been convicted in State Court for his conduct in the bedroom.

While the Court understands that the threshold for admitting prior acts is low, a jury must still be able to reasonably conclude that the act occurred. As discussed throughout, the video at issue is of poor quality, dark and recorded in clips. Even under the Government's generous interpretation of the video, the video does not cleanly fit within Rule 414's definitions of child molestation. Accordingly, the Court finds that a jury would struggle to reasonably conclude that an act of child molestation occurred in the bedroom.

Finally, even if the video reflected an act of child molestation and the evidence were relevant,[4] the Court holds the evidence will be excluded under Rule 403. As discussed, the video does not clearly demonstrate what Defendant was doing in his stepdaughter's bedroom during the middle of the night. But the video is clear in one aspect – in painting Defendant in a very negative light. It is certainly disturbing to see an adult in the bedroom of children during the middle of the night for over fourteen minutes, tossing the blankets and touching the children while they slept. And by showing the jury this video, it is easy to understand how a jury could impute Defendant's guilt based on his conduct in the video. Moreover, the briefing of this matter (as well as during suppression) demonstrates that the parties disagree as to what occurred in the bedroom that night. Instead of focusing on the charges in the case, the jury would instead seek to

---

[4] The Government argues the evidence is relevant because it shows Defendant knowingly produced, received, and possessed child pornography. The evidence further demonstrates Defendant's sexual attraction to children. Defendant counters that the evidence does not speak to the contested issue – whether Defendant produced visual depictions of his sixteen-year-old girlfriend for the purpose of producing sexually explicit conduct. Because of the Court's holding under Rule 403, this issue is moot.

resolve the parties' dispute and understand what happened in the stepdaughter's bedroom. Thus, the danger the video presents in confusing the jury and prejudicing Defendant substantially outweighs what little probative evidence it has.

For these reasons, the Court agrees with Defendant and determines that the Government cannot introduce the video evidence under Rule 414.

**E.     Use of Internet Search History**

Like the video evidence, the Government cannot introduce Defendant's internet search history under Rule 414. As Defendant correctly points out, Defendant's search history is not evidence of 'child molestation' under the Rule. The Government avoids the analysis, instead focusing on the video recording. But the Court holds that the Government must make the showing, which it has failed to do.

Therefore, the evidence of Defendant's internet search history cannot be introduced under Rule 414.

### III. CONCLUSION

Based on the above, the Court **DENIES** Defendant's Motion to Sever (Doc. 34) Counts 1 and 3 from Count 2. But with respect to the video evidence and internet-search evidence, the Court agrees with Defendant. Accordingly, the Government may not introduce the video or internet search history under Rule 414.

**IT IS SO ORDERED.**

     s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: June 11, 2021**